# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| CHESTER M. POLECK, JR. | : | CIVIL ACTION |
| --- | --- | --- |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | NO. 09-291 |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |
| Defendant. | : | |

DuBOIS, J.                                                                                                      November 9th, 2009

## MEMORANDUM

## I. INTRODUCTION

This is an action seeking review of the Social Security Commissioner's final decision denying the plaintiff, Chester M. Poleck, Jr.'s, claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The Court referred the case to United States Magistrate Judge Jacob P. Hart for a Report and Recommendation. Magistrate Judge Hart issued a Report and Recommendation on September 16, 2009, granting in part and denying in part the plaintiff's Request for Review. Magistrate Judge Hart found no error in the Administrative Law Judge's ("ALJ") failure to order a second consultative examination. (Rep. & Rec. at 6). He also concluded that a July 23, 2009 MRI of Poleck's lumbar spine was not "new and material evidence." Id. at 7. Magistrate Judge Hart did, however, find error in the ALJ's failure to fully articulate his reasons for denying Poleck's claims regarding his alleged heart impairment and carpal tunnel syndrome and recommended that these claims be remanded for further consideration by the Commissioner. Id. at 8, 9.

Poleck filed timely Objections to the Report and Recommendation. For the reasons that follow, the Court overrules Poleck's Objections, and approves and adopts the Report and Recommendation as supplemented and amended in this Memorandum. Accordingly, the plaintiff's

Request for Review of the September 26, 2008, final decision of the Commissioner is granted in part and denied in part. The matter shall be remanded pursuant to 42 U.S.C. § 405(g) for further review of the medical evidence with regard to the plaintiff's hart impairment and his carpal tunnel syndrome. Plaintiff's Request for Review is denied in all other respects.

## II. BACKGROUND

The background of this case is set forth in detail in the Magistrate Judge's Report and Recommendation and will be recited in this Memorandum only as necessary to address the issues presented by Poleck's Objections.

## III. STANDARD OF REVIEW

"Judicial review of the Commissioner's final decision is limited. This Court is bound by the factual findings of the Commissioner if they are supported by substantial evidence and decided according to correct legal standards." Przegon v. Barnhart, 2006 WL 562966, at *2 (E.D. Pa. Mar. 6, 2006). "Substantial evidence does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999). "Overall, the substantial evidence standard is deferential and includes deference to inferences drawn from the facts if they, in turn, are supported by substantial evidence. To determine whether a finding is supported by substantial evidence, we must review the record as a whole." Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999) (citations omitted).

A district court judge makes a de novo determination of those portions of a magistrate judge's report and recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(c). The Court may "accept, reject or modify, in whole or in part, the magistrate's findings or recommendations." Brophy v. Halter, 153 F. Supp. 2d 667, 669 (E.D. Pa.2001).

2

## IV. DISCUSSION

Poleck raises two objections to Magistrate Judge Hart's Report and Recommendation. The first is that the ALJ erred by failing to order a second consultative examination at Poleck's hearing. The second is that Judge Hart should have considered the July 23, 2009 MRI of Poleck's lumbar spine because it is new and material evidence. The Court finds no merit in these objections and overrules them.

### A. Objection: Failure to Order a Second Consultative Examination

Poleck obtained a consultative examination when his claim was initially reviewed. (Rec. 120-129). The real essence of his objection is that 20 C.F.R. § 1519a creates an independent duty on the part of the ALJ to order a *second* consultative examination even though Poleck had informed the ALJ that he had medical insurance and would see his doctors for further evaluation. (Rec. at 443). Poleck's reading of the regulation is incorrect. Section 1519a states that a consultative examination *may* be purchased when the record as a whole is insufficient to support a decision on a claim. It then lists five situations that *normally require* a consultative examination.[1] None of them apply in this case. Moreover, 20 C.F.R. § 404.1512 states that it is the claimant's responsibility to provide medical evidence showing the existence and scope of any impairment. This is consistent with the general principle that the claimant – not the Commissioner – has the burden of proof.

Poleck also objects to the Report and Recommendation for "oversimplifying" his argument.

---

[1] The five situations in which a consultative examination is required are when (1) additional evidence needed is not contained in the claimant's medical sources, (2) evidence from the claimant's medical source cannot be obtained for reasons beyond the claimant's control, (3) the evidence is highly technical or highly specialized and not available from the claimant's medical sources, (4) a conflict, inconsistency, ambiguity or insufficiency in the evidence must be resolved but cannot be by contacting the claimant's medical source and (5) there is an indication of a change in the claimant's condition that is likely to affect the claimant's ability to work but the severity of the change cannot be established. 20 C.F.R. § 1519a(b)(1) - (5).

3

Stated in its most powerful form, Poleck's argument is that (1) the status of Poleck's alleged back, heart and mental impairments was unknown at the time of the hearing, (2) in such circumstances the ALJ has an affirmative duty to develop the record, (3) this duty could only be satisfied by ordering a second consultative examination, (4) the ALJ did not order such an examination and, therefore, (5) the ALJ's decision is not supported by substantial evidence.

This argument's third premise is mistaken. It is important to recognize that the scope of an ALJ's duty to independently investigate the facts is relatively narrow. In Sims v. Apfel, the Supreme Court stated that ALJs have a duty "to investigate the facts and develop the arguments both for and against granting benefits," but this portion of his opinion was joined by only three other members of the court and is not precedential. 530 U.S. 103, 111 (2000). Although the Third Circuit has quoted this language favorably in two precedential opinions, it has never formally imposed a broad duty to investigate and develop arguments for all parties. See N.J. Media Group v. Ashcroft, 308 F.3d 198, 223 (3d Cir. 2002); Burnett v. Comm'r of Social Sec. Admin., 220 F.3d 112, 120 n.2 (3d Cir. 2000).

> The regulation describing the duties of the ALJ states, in part, that the ALJ
>
> *shall inquire fully* into the matters at issue and shall receive in evidence the testimony of witnesses and any documents which are relevant and material to such matters. If the Administrative Law Judge believes that there is relevant and material evidence available which has not been presented at the hearing, the Administrative Law Judge may adjourn the hearing or, at any time prior to the mailing of notice of the decision, reopen the hearing for the receipt of such evidence.

20 C.F.R. § 410.640 (emphasis added). The only Third Circuit opinion directly interpreting the scope of this regulation is Hess v. Sec'y of Health, Educ. and Welfare, 497 F.2d 837 (3d Cir. 1974).

In Hess, an ALJ denied the plaintiff's benefits claim without consulting his attending physician and without interviewing or examining the plaintiff. Id. at 840. The Third Circuit

4

concluded that this was error, explaining that the plaintiff had the burden of proving his disability but that "due regard for the beneficent purposes of the legislation requires that a more tolerant standard be used in this administrative proceeding than is applicable in a typical suit in a court of record where the adversary system prevails." Id. In its application of this more tolerant standard the Third Circuit explicitly refused to hold "that the responsibility will always be upon the hearing officer to secure current medical evaluations." Id. at 841. Instead, it stated that "some lesser effort might be employed" and, in a non-exclusive list of examples, noted that an ALJ might advise claimants of the importance of current medical evaluations and suggest their submission at a later date. Id.

Applying Hess in his Report and Recommendation, Magistrate Judge Hart balanced Poleck's right to have his record developed by the ALJ with his burden to prove that he is disabled. The ALJ questioned Poleck about the possibility of obtaining additional medical records. (Rec. at 443). Poleck responded that he had medical insurance, that he would consult his doctor, and that he would agree to any tests recommended by his doctor. Id. Poleck's attorney said nothing to the contrary. Before this exchange, the ALJ had already agreed to leave the record open for thirty days so that Poleck and his counsel could submit additional evidence. (Rec. at 337). In these circumstances, the ALJ had every reason to believe that Poleck would provide him with a complete record.

Additionally, Magistrate Judge Hart noted that the lack of updated medical evidence at the hearing was not due solely to Poleck's previous lack of insurance. (Rep. & Rec. at 6). Poleck's lawyer admitted that she had not been in touch with her client for a long period of time and was not even certain that he was still pursuing the case until a month before the hearing. (Rec. at 337). After the hearing, counsel did not contact the ALJ to tell him that Poleck's medical assistance was still inadequate. Instead, counsel sent the ALJ a great deal of evidence, created before and after the

5

hearing. (Rec. at 25). All such evidence was considered by the ALJ, even the evidence submitted more than thirty days after the hearing. (Rec. 25).

Hess, by itself, imposes no duty to order a consultative examination at a hearing. It merely admonishes ALJs to use a more tolerant standard when gathering evidence. In this case, the ALJ directly addressed the problem of inadequate evidence with Poleck and his attorney, determined that Poleck could correct this problem, granted Poleck additional time to obtain records and testing, and received and reviewed additional records provided by plaintiff's attorney. The ALJ had every reason to believe that Poleck would provide him with a full record. On these facts, the Court cannot say that the ALJ failed to satisfy his duty to inquire fully into the matters at issue. The court finds no error in the analysis and application of Hess by the Magistrate Judge.

**B. Objection: Failure to Consider New and Material Evidence**

Poleck also objects to Magistrate Judge Hart's failure to recommend that his case be remanded in order to allow the Commissioner to consider a July 23, 2009 MRI of his lumbar spine. Poleck supports this objection with a citation to the Eleventh Circuit's opinion in Vega v. Comm'r of Social Sec. Admin, 265 F.3d 1214 (11th Cir. 2001). This Court rejects that position.

The sixth sentence of 42 U.S.C. § 405(g) gives this Court the discretion to order that additional evidence be taken before the Commissioner only if the claimant shows that (1) it is new and material and (2) there is good cause for failure to incorporate the evidence into the record of the prior proceeding. Interpreting this sentence in Vega, the Eleventh Circuit held that the Appeals Council of the Social Security Administration erred when it failed to remand following submission of a retroactive Residual Functional Capacity evaluation and a doctor's evaluation concluding that the claimant had a severe spinal problem. Vega, 265 F.3d at 1218. Poleck argues that if the Appeals Council erred in Vega when it failed to consider additional evidence, then Magistrate Judge Hart's

6

failure to consider additional evidence must also be in error.

The only error here is <u>Vega</u> itself: the Eleventh Circuit applied § 405(g) to the conduct of the Appeals Council when, in fact, § 405(g) applies only to United States District Courts. Recognizing this, the Eleventh Circuit has since concluded that <u>Vega</u> contradicted the past precedents of that circuit and, as such, is not binding on future panels of that court. <u>Ingram v. Comm'r of Social Security Admin.</u>, 496 F.3d 1253, 1268 (11th Cir. 2007). Even if it were still good law, <u>Vega</u>'s holding is irrelevant. This court is bound by the Third Circuit's holding in <u>Szubak v. Sec'y of Health and Human Servs.</u>, 745 F.2d 831 (3d Cir. 1984). In that case, the court interpreted the new and material language of § 405(g) to require that the evidence "relate to the time period for which benefits were denied and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition." <u>Id.</u> at 833.

<u>Szubak</u> could not be clearer. Evidence – like the July 23, 2008 MRI of Poleck's lumbar spine – is not new or material because it relates to the subsequent deterioration of a previously non-disabling condition. Poleck asks for an exception to this rule. Presumably, he asserts, even if the MRI represents some deterioration occurring in the year following the ALJ's determination, other medical evidence can help distinguish between deterioration before and after the ALJ's decision. Poleck cites no authority for such an exception and the Court declines to make one in this case.

## IV. CONCLUSION

For all of the foregoing reasons, the Court overrules Poleck's Objections, and approves and adopts the Report and Recommendation, as supplemented and amended in this Memorandum. Accordingly, the Court grants in part and denies in part the plaintiff's Request for Review. An appropriate order follows.